UNITED STATES of America, Plaintiff,

v.

BEATRICE FOODS CO., a corporation, Defendant.

No. 4–70 Civ. 459.

United States District Court, D. Minnesota, Fourth Division.

Jan. 11, 1971.

See also D.C., 52 F.R.D. 14.

Robert G. Renner, U. S. Atty., J. Earl Cudd, Asst. U. S. Atty., Henry Banta, Federal Trade Commission, Washington, D. C., for plaintiff.

Cant, Haverstock, Gray, Plant & Mooty, by Edward J. Callahan, Minneapolis,

Minn., Winston, Strawn, Smith & Patterson, by Ronald Butler, Chicago, Ill., for defendant.

NEVILLE, District Judge.

This is a suit in which the government in Count I of its civil complaint alleges a violation by the defendant of certain sections of the Federal Trade Commission Act. Defendant is alleged to be one of the largest manufacturers, processors and distributors of dairy products in the United States. As the result of a Federal Trade Commission proceeding and a subsequent appeal, a modified order dated June 7, 1967 was entered providing for certain divestitures by defendant and requiring defendant to cease for a period of ten years "from acquiring, directly or indirectly any interest in any firm, corporate or non-corporate engaged principally * * * in the business of manufacturing, processing or distributing at wholesale or on retail milk routes * * *" certain dairy products. The government alleges that on or about September 1, 1968 defendant violated this above injunction by acquiring an interest in Maple Island Dairies, Inc. a Minnesota corporation. The government prays judgment in the amount of $5,000 per day from September 1, 1968 until the date of the filing of the complaint in this lawsuit on October 23, 1970. The statute involved, 15 U.S.C. § 45(*l*) provides that one who violates an order of the Federal Trade Commission:

"* * * shall forfeit and pay to the United States a civil penalty *of not more than $5,000* for each violation [and] * * * each day of continuance of such failure or neglect shall be deemed a separate offense." [Emphasis added]

The defendant, promptly after service of the summons and complaint herein, moved the court for an order staying the penalty provisions of the above quoted statute from the date of the institution of the litigation forward. It asserts that its activities do not constitute a violation of the Commission's order and that in good faith it intends to defend the lawsuit and ultimately to demonstrate to the trier of fact that its conduct in connection with the alleged acquisition of an interest in the aforesaid Minnesota corporation—if in fact any such has been acquired—does not constitute a violation of the Commission's order. Defendant's counsel in effect takes the position that the possible continued running of a penalty amounting to $5,000 a day has a "chilling effect", so to speak, on the defendant's right to litigate its case and to defend its position. If defendant were now to cease and desist from what the government claims to be a violation, at least it would not be incurring any further penalties but if in fact defendant is wrong, and if its counsel is in error in his advice and belief that defendant has a good faith defense, defendant is taking the risk of a daily penalty which can be a very substantial amount before the litigation finally is terminated.

Counsel cites particularly the cases of St. Regis Paper Co. v. United States, 368 U.S. 208, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961), and Federal Trade Commission v. Claire Furnace Co., 274 U.S. 160, 47 S.Ct. 553, 71 L.Ed. 978 (1927). It also sees some support in United States v. Morton Salt Co., 338 U.S. 632, 654, 70 S.Ct. 357, 94 L.Ed. 401 (1950). Defendant seems to contend that the teachings of the *St. Regis Paper* case particularly require such a pretrial motion as is now addressed to the court in order to stay the possible running of penalties during the period of litigation.

■ The government asserts first that defendant's motion is premature in that the complaint demands penalties only up to the date of the filing thereof and not thereafter and that defendant in effect is attempting to secure a preliminary ruling against the possibility that the government may at some future time file a supplemental complaint under Rule 15(d) of the Federal Rules of Civil Procedure praying additional penalties from the date of filing the complaint forward. Defendant is thus seeking to have the

court bind itself now not to assess post complaint penalties should the government at some future time seek such or should the court after hearing the evidence do so on its own motion. Second, the government points out that the penalties referred to in Section 45(l) above is for "not more than $5,000" and thus are not at this time certain or determined and the amount thereof, if any, rests in the court's discretion. Both points seem to this court to have merit. First, the motion is premature. The proof of good faith, if such exists, and if such constitutes a defense or mitigating circumstance, can be established on the part of the defendant for consideration by the court as a factor in the amount of penalty, if any, to be assessed up to the time of the filing of the complaint and to be assessed thereafter if the government ever seeks such. Penalties could range all the way from $5,000 a day down to zero or $1.00 a day. The court is granted discretion under the statute. United States v. American Greetings Corp., 168 F.Supp. 45 (N.D. Ohio 1958), aff'd 272 F.2d 945 (6th Cir. 1959). Obviously until it has heard the evidence and a finding has been made by the trier of fact, the court cannot determine the merits of the case as to whether defendant actually is in violation of the Commission's order, and if so, whether the violation is merely a technical or inadvertent one or is a bad faith, negligent or other type of violation. Whatever the circumstances, defendant is not prejudiced by denial of its motion at this time. Should the government at some future time seek to recover penalties accruing after the filing of the complaint, the court then will have to determine whether any such should be assessed and if so the amount thereof.

■ On the government's second point the fact that the amount of the penalty here, if any, is discretionary and not a flat sum per diem distinguishes this case from *St. Regis Paper* and *Claire Furnace Co.* where the penalty— there $100 a day—by statute is automatic and mandatory for each day of violation and is not a discretionary matter with the court. Under the statute when the court in *St. Regis Paper* [1] found a violation, the penalty of $100 a day had continued to run subsequent to the filing of the complaint. The court stated:

"Petitioner's final point is that to impose the forfeitures will deprive it of property without due process of law. This argument is based on the premise that the orders of the Commission were not judicially reviewable except at the risk of paying daily forfeitures accumulating throughout the period of noncompliance, including the period of judicial review. We need not consider this point at length for it appears that petitioner did not try to obtain judicial review prior to the commencement of this action by the Government, *nor did petitioner seek a stay once the litigation had begun.* This inaction was in part based upon petitioner's reliance on Federal Trade Comm. v. Claire Furnace Co., 274 U.S. 160, [47 S.Ct. 553, 71 L.Ed. 978] (1927). * * * 368 U.S. at 225, 82 S.Ct. at 299 (Emphasis added)

Defendant apparently takes the reference in the above language that petitioner did not seek a stay once the litigation had begun, as requiring it now to do so

1. The *St. Regis Paper Co.* case is further distinguishable from the case at bar in that there petitioner was contesting the validity of the allegedly violated order on constitutional and other grounds whereas here the validity of the modified order is not in question, the same having heretofore been appealed to the Circuit Court and affirmed (as modified) leaving the only matter to be presented to this court the question as to whether the actions, if any, taken by defendant constitute a violation of the terms of an established valid order. Further, *St. Regis Paper Co.* was claimed to involve a period of time during which judicial review was not available until the Federal Trade Commission had taken some affirmative action, a position not apposite to the case at bar.

in this case for fear that upon failure thereof it is in jeopardy during litigation. The court does not so read 15 U. S.C. § 45(l), the statute involved in the case at bar, and does not believe that the *St. Regis Paper* case is controlling here.

A separate order has been entered.